IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONZO GLENN, | : | |
|     Petitioner | : | No. 1:21-cv-01768 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| SUPERINTENDENT RANSOM, et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Alfonzo Glenn ("Glenn") seeks relief from a conviction and sentence in the Luzerne County Court of Common Pleas. The Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.      BACKGROUND**

On January 23, 2019, Glenn pleaded guilty to aggravated assault in violation of 18 Pa.C.S. § 2702 in the Luzerne County Court of Common Pleas. (Doc. No. 1 at 1; see also Commonwealth v. Glenn, No. CP-40-CR-0001453-2017 (Luzerne Cty. filed Apr. 24, 2017).) He was subsequently sentenced to a term of 72-156 months imprisonment. Id. Glenn appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on November 7, 2019. See Commonwealth v. Glenn, No. 597 MDA 2019, 2019 WL 5847656, at *2 (Pa. Super. Ct. Nov. 7, 2019). He did not appeal to the Pennsylvania Supreme Court. (Doc. No. 1 at 2.)

On May 15, 2020, Glenn moved for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Id. at 3; see also Glenn, No. CP-40-CR-0001453-2017.) His PCRA petition remains pending before the Luzerne County Court of Common Pleas. (Doc. No. 1 at 3; Glenn, No. CP-40-CR-0001453-2017.)

Glenn filed the instant petition for writ of habeas corpus on October 18, 2021, raising four grounds for habeas corpus relief. (Doc. No. 1.) He filed a brief in support of the petition on the same day. (Doc. No. 2.) Glenn acknowledges that none of his habeas corpus claims have been raised in state court, but argues that the Court should consider his claims under Martinez v. Ryan, 56 U.S. 1 (2012), which stands for the proposition that where state procedural rules require a defendant to raise ineffective assistance of counsel claims in collateral proceedings rather than on direct review, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." See id. at 17. Glenn asserts that his PCRA counsel was ineffective for failing to raise his claims on his behalf and therefore requests that the Court consider them on federal habeas review. He also asserts that the procedural default should be excused based on governmental interference with his right to file a PCRA petition, based on an assertion that the state trial court did not accept his initial PCRA filing. (Doc. No. 2 at 10-11.)

**II.    LEGAL STANDARD**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4.

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." See O'Sullivan, 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." See id. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court. See Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. See DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

## III.   DISCUSSION

Dismissal of this case under Rule 4 is appropriate because Glenn has failed to exhaust state court remedies. As Glenn readily acknowledges, he has not raised his claims in state court, and his PCRA petition remains pending before the Court of Common Pleas. Glenn asserts that the Court should consider his claims based on Martinez, but Martinez provides a basis by which a Court may excuse a procedural default,[1] see Martinez, 56 U.S. at 17, and federal courts should not determine that claims are procedurally defaulted unless the procedural default is clear from the state court proceedings. See Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000). In "questionable cases it is better that the state courts make the determination of whether a claim is procedurally barred." See id. (quoting Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997)). Thus, if the federal court is "uncertain" as to how the state courts would resolve the issue of procedural default, the federal court should dismiss the petition without prejudice for failure to exhaust state court remedies. See id. (quoting Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996)).

It is not clear from a review of Glenn's petition or the Court of Common Pleas docket that Glenn's claims are procedurally defaulted. Glenn has not explained whether he has sought to amend his PCRA petition to include his federal claims or why doing so would be futile.

---

[1] Glenn's government interference argument similarly seeks to excuse a procedural default.

3

Accordingly, the Court will dismiss this petition without prejudice based on Glenn's failure to exhaust state court remedies.

## IV.     CONCLUSION

For the foregoing reasons, Glenn's petition for writ of habeas corpus will be dismissed without prejudice. A certificate of appealability will not issue because jurists of reason would not debate whether Glenn states a valid claim of a denial of a constitutional right or whether the court's procedural ruling is incorrect. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania